UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

NEALLY CUNNINGHAM,

      Petitioner,

v.

                                             CASE NO. 6:08-cv-253-Orl-35KRS
                                                 (6:06-cr-32-Orl-19KRS)

UNITED STATES OF AMERICA,

      Respondent.

_____

## ORDER

This case involves a motion to vacate, set aside, or correct an illegal sentence pursuant to 28 U.S.C. § 2255 (Doc. No. 1) and Petitioner Neally Cunningham's supplement to claims one through five of the motion (Doc. No. 5). The Government filed a response to the section 2255 motion and the supplement to the motion (Doc. No. 10) in compliance with this Court's instructions and with the *Rules Governing Section 2255 Proceedings for the United States District Courts*. Petitioner filed a reply to the response (Doc. No. 13).

Petitioner alleges sixteen claims for relief in his motion and supplement to the motion:[1] (1) counsel rendered ineffective assistance by failing to request a jury instruction on the lesser included offense of possession of cocaine base (claim one); (2) counsel rendered ineffective assistance of counsel by failing to call Shavonda Cunningham as a witness (claim two); (3) counsel rendered ineffective assistance by failing to fulfill promises made during opening argument (claim three); (4) counsel rendered ineffective assistance

_____

[1]As listed in this Order, claims one through ten are claims one through five of Petitioner's 2255 motion and supplement to the motion. Claims eleven through sixteen are claims six through eleven of Petitioner's § 2255 motion.

by failing to object to a jury instruction (claim four); (5) counsel rendered ineffective assistance by failing to move to dismiss the indictment (claim five); (6) counsel rendered ineffective assistance by failing to request a continuance to locate a witness (claim six); (7) counsel rendered ineffective assistance by failing to object to perjured testimony and Petitioner's conviction resulted from perjured testimony that was known to the Government (claim seven); (8) counsel rendered ineffective assistance by failing to investigate and introduce into evidence incident reports (claim eight); (9) the trial court denied Petitioner of conflict free counsel (claim nine); (10) counsel rendered ineffective assistance by failing to investigate the offenses (claim ten); (11) counsel rendered ineffective assistance by failing to impeach witnesses (claim eleven); (12) the trial court impermissibly bolstered a witness' testimony (claim twelve); (13) counsel rendered ineffective assistance by failing to argue that Petitioner's right to confront his accuser was violated (claim thirteen); (14) counsel rendered ineffective assistance by failing to request a mistrial based on prosecutorial misconduct (claim fourteen); (15) counsel rendered ineffective assistance by failing to request a "missing witness" jury instruction (claim fifteen); and (16) the trial court abrogated Petitioner's right to counsel (claim sixteen). For the following reasons, the motion and supplement to the motion are denied.

## I.    *Procedural History*

Petitioner was charged by indictment with two counts of possession with intent to distribute and distributing an unspecified quantity of cocaine base (counts one and two) and with one count of possession with intent to distribute five or more grams of cocaine base (count three) (Criminal Case No. 6:06-cr-032-Orl-19KRS, Doc. No. 1, filed March 22,

2006).[2]  A trial was conducted, and Petitioner was found guilty of counts one and two, but the jury could not reach a verdict as to count three.  The Court subsequently granted the Government's motion to dismiss count three of the indictment.  *Id*. at Doc. No. 61.  A sentencing hearing was conducted, and Petitioner was sentenced to a two hundred and sixty-two month term of imprisonment to be followed by six years of supervised release.  Petitioner appealed, and the Eleventh Circuit Court of Appeals affirmed Petitioner's convictions.

### B.    *Facts Adduced at Trial*

Officer Jason Kriegsman testified that on February 25, and 26, 2005, he and another officer used a confidential informant, Benjamin Poole ("Poole"), to make controlled purchases of crack cocaine from Petitioner.  Officer Kriegsman stated that he was with Poole both times when Poole called Petitioner from his cellular telephone and arranged to meet Petitioner to purchase crack cocaine.  Officer Kriegsman admitted that the telephone calls were not recorded and he could not hear Petitioner in the telephone conversations.

Officer Kriegsman testified that he and another officer provided Poole with money to purchase cocaine from Petitioner and they searched Poole and his vehicle for drugs on both occasions before Poole met with Petitioner and found no drugs.  Officer Kriegsman stated that Poole was then followed by another officer directly to the location where he had arranged to meet Petitioner and Poole was kept within sight of one officer throughout both transactions.

Officer Kriegsman testified that, after Poole was searched and had called Petitioner,

---

[2]Hereinafter Criminal Case No. 6:06-cr-032-Orl-19KRS will be referred to as "Criminal Case."

Officer Kriegsman watched the residence where Petitioner was thought to reside, followed Petitioner to the arranged meeting location, and observed Petitioner and Poole make hand contact from their respective vehicles. Officer Kriegsman testified that Poole was followed to a prearranged location at which time he provided the officers with the crack cocaine he had purchased from Petitioner. Officer Kriegsman admitted that although Poole wore an audio transmitter so that the officers could hear the transactions, there was no video or audio recording of the incidents.

Officer Kenneth Shedrick testified that he was present when Poole and his vehicle were searched, that he followed Poole to the meeting location, and that he observed Petitioner and Poole make hand contact from their respective vehicles. Officer Shedrick stated that he followed Poole from both meetings and met with Poole at which time Poole gave the officers the cocaine he had purchased from Petitioner.

## II.    *Legal Standard*

The United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984), established a two-part test for determining whether a convicted person is entitled to relief on the ground that his counsel rendered ineffective assistance: (1) whether counsel's performance was deficient and "fell below an objective standard of reasonableness"; and (2) whether the deficient performance prejudiced the defense.[3]  *Id*. at 687-88. A court must adhere to a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Id*. at 689-90. "Thus, a court deciding an actual

---

[3]In *Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993), the United States Supreme Court clarified that the prejudice prong of the test does not focus solely on mere outcome determination; rather, to establish prejudice, a criminal defendant must show that counsel's deficient representation rendered the result of the trial fundamentally unfair or unreliable.

ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *Id*. at 690; *Gates v. Zant*, 863 F.2d 1492, 1497 (11th Cir. 1989).

As observed by the Eleventh Circuit Court of Appeals, the test for ineffective assistance of counsel:

> has nothing to do with what the best lawyers would have done. Nor is the test even what most good lawyers would have done. We ask only whether some reasonable lawyer at the trial could have acted, in the circumstances, as defense counsel acted at trial. Courts also should at the start presume effectiveness and should always avoid second guessing with the benefit of hindsight. *Strickland* encourages reviewing courts to allow lawyers broad discretion to represent their clients by pursuing their own strategy. We are not interested in grading lawyers' performances; we are interested in whether the adversarial process at trial, in fact, worked adequately.

*White v. Singletary*, 972 F.2d 1218, 1220-21 (11th Cir. 1992) (citation omitted). Under those rules and presumptions, "the cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between." *Rogers v. Zant*, 13 F.3d 384, 386 (11th Cir. 1994).

## III. Analysis

### A. Claims One, Four, and Fifteen

Petitioner raises three claims of ineffective assistance of counsel in relation to the jury instructions. Specifically, he asserts that counsel was ineffective for failing to request a jury instruction on the lesser included offense of possession of cocaine base (claim one), failing to object to the jury instruction regarding the credibility of witnesses (claim four), and failing to request a "missing witness" jury instruction (claim fifteen). The Court will address each claim in turn.

First, Petitioner maintains that counsel should have sought a jury instruction on the lesser included offense of possession. The Eleventh Circuit Court of Appeals has held that "[a] defendant is entitled to an instruction on a lesser included offense if 'there was a reasonable basis on which the jury could find the defendant guilty of [the lesser offense] beyond a reasonable doubt yet entertain a reasonable doubt [as to the greater offense].'" *United States v. McCorvey*, 215 Fed. Appx. 829, 835 (11th Cir. 2007) (quoting *United States v. Catchings*, 922 F.2d 777, 780 (11th Cir. 1991)). However, "in the context of possession and distribution of drugs, where the factual issues are the same for both the lesser offense of possession and the greater offense of distribution, the instruction on possession is not required." *Id.* (citing *United States v. Pirolli*, 742 F.2d 1382, 1387 (11th Cir. 1984)).

In the instant case, the evidence presented demonstrated that on two separate dates, Petitioner sold crack cocaine to Poole. Additionally, testimony established that upon searching the residence in which Petitioner was thought to reside, law enforcement officers discovered scales, a bowl containing cocaine residue, and a pan containing approximately 31 grams of crack cocaine, all consistent with drug distribution. There was no evidence presented at trial that the crack cocaine found at the residence was for personal use. As such, the Court concludes that the evidence presented at trial did not warrant an instruction on the lesser included offense of possession, and counsel was neither deficient for failing to request such an instruction nor was Petitioner prejudiced by counsel's failure to do so. *See, e.g.*, *McCorvey*, 215 Fed. Appx. at 835 (concluding that jury instruction on lesser included offense of possession was not warranted where evidence included scales, and

cutting agents, consistent with drug distribution, and there was no evidence of personal use); *see also United States v. Catchings*, 922 F.2d 777, 780-81 (11th Cir. 1991) (holding that the defendant was not entitled to instruction on lesser included offense of possession in light of evidence).

Next, Petitioner maintains that counsel should have objected to the following jury instruction:

> You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people naturally tend to forget some things or remember other things inaccurately. So if a witness has made a misstatement, you need to consider whether it was simply an innocent lapse of memory or an intentional falsehood.

(Criminal Case Doc. No. 85 at 147-48.) Petitioner maintains that the Court's instruction served to discount the witnesses' conflicting testimony.

The contested jury instruction is part of the Eleventh Circuit's pattern jury instruction in criminal cases on the impeachment of witnesses by inconsistent statements. *See* Eleventh Circuit Pattern Jury Instructions (Criminal Cases), Impeachment - - Inconsistent Statement 6.1 (2003). As such, any objection to the instruction would have been denied, and counsel was neither deficient for failing to object to the instruction nor was Petitioner prejudiced by his failure to do so.

Petitioner also contends that counsel improperly failed to request a "missing person" jury instruction. Petitioner maintains that Poole, the confidential informant, was in jail at the time of his trial, and as such, the Government had control of him. Petitioner asserts, therefore, that counsel should have requested the "missing person" instruction because Poole did not testify at trial.

The "missing person" instruction provides:

> If it is peculiarly within the power of either the prosecution or the defense to produce a witness who could give material testimony on an issue in the case, failure to call that witness may give rise to an inference that his testimony would be unfavorable to that party. However, no such conclusion should be drawn by you with regard to a witness who is equally available to both parties, or where the witness's testimony would be merely cumulative.
>
> The jury will always bear in mind that the law never imposes on a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence.

*United States v. Link*, 921 F.2d 1523, 1528-29 (11th Cir.1991). "[A] district court is not required to give the missing witness instruction to the jury if the witness would testify against the interests of the defendant." *Cannon v. United States*, 2007 WL 4616281, *15 (S.D. Fla. 2007) (citing *Link*, 921 F.2d at 1529). As such, counsel will not be deemed ineffective for failing to request a missing witness instruction if the witness's testimony likely would not have been favorable to the defendant. *Id*.

In the instant case, the Government identified Poole as one of its witnesses, but the defense did not. (Criminal Case Doc. Nos. 41 & 42.) Prior to voir dire, the Government notified the Court that it did not expect to call Poole as a witness because he had not been located. (Criminal Case Doc. No. 84 at 12.) During the trial, Officer Kriegsman testified that a subpoena had been issued for Poole to appear at the trial, however, despite efforts to find Poole, he had not been located. *Id*. at 193. The evidence presented at trial was that Poole, acting as a confidential informant, engaged Petitioner in two controlled drug purchases.

Given that the evidence presented at trial demonstrates that Poole served as the

confidential informant who purchased drugs from Petitioner and that the defense did not intend to call Poole as a witness, the Court concludes that Petitioner has failed to meet his burden of demonstrating that the missing witness instruction should have been given. To the extent Petitioner attempts to assert that Poole would have provided exculpatory testimony, his contention is merely speculative. Petitioner has not provided any affidavit or other information demonstrating that Poole would have exculpated Petitioner. Therefore, the Court finds that even if counsel had requested the missing witness instruction, Petitioner has not established that the instruction would have been given. *See, e.g., Cannon*, 2007 WL 4616281, *16 (holding that the petitioner failed to demonstrate counsel rendered ineffective assistance by failing to request missing witness instruction because he did not demonstrate that the witnesses' testimony would have been favorable to his case); *see also United States v. Boston*, 194 Fed. Appx. 890, 893 (11th Cir. 2006) (concluding that the defendant failed to meet burden of showing missing witness instruction should have been given because the testimony at trial indicated that the witness's testimony would likely have been unfavorable to the defendant); *United States v. Perez-Tosta*, 36 F.3d 1552, 1556 n.2 (11th Cir. 1994) (affirming district court's refusal to give missing person instruction because the testimony at trial demonstrated that the witness's testimony was likely to be unfavorable to the defendant). Accordingly, Petitioner has failed to demonstrate either deficient performance or prejudice; and claims one, four and fifteen do not warrant relief.

### B.    Claims Two and Six

Petitioner asserts that counsel rendered ineffective assistance of counsel by failing

to call Shavonda Cunningham, Petitioner's wife, as a witness (claim two). In support of his claim, Petitioner asserts that Shavonda Cunningham would have testified that the vehicle that the officers testified Petitioner used to conduct the February 25, 2005, drug transaction had been inoperable since 2004, and that Petitioner was with her at the time of the first incident. Similarly, Petitioner asserts counsel rendered ineffective assistance by failing to request a continuance to locate Tomeka Wynn ("Wynn") (claim six). Petitioner contends that counsel was aware that Wynn had filed a complaint against officers in the Cocoa Police Department, wherein she indicated that the officers had held her against her will and attempted to persuade her to lodge a report that she witnessed Petitioner assault another person with a gun. Petitioner maintains that counsel had issued a subpoena to secure Wynn's presence at trial, but Wynn, who was incarcerated, could not appear and counsel failed to request a continuance to secure her presence.

Petitioner's allegations are insufficient to support relief on these claims. "[E]vidence about the testimony of a putative witness must generally be presented in the form of actual testimony by the witness or an affidavit. A defendant cannot simply state that the testimony would have been favorable; self-serving speculation will not sustain an ineffective assistance claim." *United States v. Ashimi*, 932 F.2d 643, 650 (7th Cir. 1991) (footnotes omitted). Hence, the "petitioner must first make a sufficient factual showing, substantiating the proposed witness testimony." *Percival v. Marshall*, No. C-93-20068 RPA, 1996 WL 107279, at *3 (N.D. Cal. March 7, 1996), *affirmed*, No. 96-15724, 1997 WL 31219 (9th Cir. January 23, 1997). "Such evidence might be sworn affidavits or depositions from the potential witnesses stating to what they would have testified." *Id*.

Petitioner has failed to present evidence of actual testimony or any affidavit of alleged testimony by Shavonda Cunningham or Wynn. Petitioner has not made the requisite factual showing. Petitioner's self-serving speculation will not sustain a claim of ineffective assistance of counsel.

Moreover, "[t]he decision whether to call a particular witness is almost always strategic, requiring a balancing of the benefits and risks of the anticipated testimony. The witness may not testify as anticipated, or the witness's demeanor or character may impress the jury unfavorably and taint the jury's perception of the accused; or the testimony, though sympathetic, may prompt jurors to draw inferences unfavorable to the accused." *Lema v. United States*, 987 F.2d 48, 54 (1st Cir. 1993) (citations omitted). Petitioner has failed to advance a persuasive argument that trial counsel's decision not to call these witnesses was unreasonable or that this decision can be construed as conduct outside the wide range of professional representation. "Reasonably competent trial counsel might well have determined that the best prospect for acquittal lay in discrediting the government's witnesses, rather than presenting additional testimony which could appear to legitimate the government's case or raise questions about the defense not previously suggested by the government's evidence." *Id*.

Evidence was presented at trial demonstrating that Petitioner and Shavonda Cunningham lived at the residence where 31 grams of crack cocaine was found and that Shavonda Cunningham is the mother of some of Petitioner's children. (Criminal Case Doc. No. 84 at 192.) The jury further heard testimony from two officers that on February 25, 2005, they observed Petitioner, who was driving a white Pontiac, meet Poole and provide him with crack cocaine. Thus, the Government would have been able to challenge the

credibility of Shavonda Cunningham's alleged testimony had she testified.[4]  In view of the tactical risks and Petitioner's failure to demonstrate that the witnesses' testimony would have benefitted his case, the failure to present these witnesses or to request a continuance did not amount to ineffective assistance of counsel.  Therefore, these claims are denied.

### C.    Claims Three and Thirteen

Petitioner asserts that counsel was ineffective for failing to fulfill promises he made during opening argument (claim three).  Specifically, Petitioner asserts that counsel promised the jury that both sides of the story would be presented and that they would hear Poole's testimony, neither of which occurred.  Likewise, Petitioner contends that counsel rendered ineffective assistance by failing to argue that Petitioner's right to confront his accuser was violated (claim thirteen).  In support of this claim, Petitioner maintains that the Government failed to produce Poole as a witness and counsel should have argued that his right to confront his accuser was violated.

The record demonstrates that defense counsel did not promise the jury that Poole would testify.  Instead, counsel simply stated that the Government had listed Poole as a witness and counsel anticipated hearing Poole's testimony.  (Criminal Case Doc. No. 84 at 164.)  Additionally, counsel told the jury that the Government would present its case, but that the jury should wait until it heard all the evidence before making a decision.  *Id*. at 168. Although the defense did not call any witnesses, counsel cross-examined all the witnesses and was able to establish that no one was with Poole when Petitioner gave him the drugs,

---

[4]Prior to the close of the Government's case, defense counsel informed the Court that he had not made a decision as to whether to call Shavonda Cunningham as a witness. (Criminal Case Doc. No. 85 at 56.) Thus, counsel clearly considered whether to call her as a witness and determined not to do so.

that the witnesses were unable to testify that they saw the drugs as Petitioner gave them to Poole, and that there was no audiotape or videotape of either of the drug transactions. Thus, the Court concludes that counsel did not make promises to the jury nor was Petitioner prejudiced by counsel's statements during opening argument.

As to Petitioner's claim that counsel was ineffective for failing to argue that his Sixth Amendment right to confront his accuser was violated, the Court concludes that there was no constitutional violation. Petitioner was allowed to confront Officers Kriegsman and Shedrick who testified regarding their observations of the incidents surrounding the offenses. The Eleventh Circuit has held that the admission of audiotapes of conversations between a confidential informant and a defendant does not violate a defendant's Sixth Amendment right even when the confidential informant does not testify. *See, e.g.*, *United States v. Price*, 792 F.2d 994, 996 (11th Cir. 1986). In the instant case, there were no audiotapes of any conversations between Poole and Petitioner, and Poole did not testify. As such, Petitioner has failed to demonstrate that counsel was deficient for raising a Sixth Amendment violation or that he was prejudiced by counsel's failure to do so. Accordingly, claims three and thirteen are denied.

### D.  Claim Five

Petitioner asserts that counsel rendered ineffective assistance by failing to move to dismiss the indictment (claim five). In support of his claim, Petitioner asserts that counts one and two resulted from a single continuing offense and therefore the indictment was duplicative.

The indictment charged Petitioner with two counts of possessing with intent to

distribute and distribution of cocaine base on two dates, February 25, 2005, and February 26, 2005, and one count of possession with intent to distribute five or more grams of cocaine base. All three counts involved separate, independent circumstances and conduct. Thus, Petitioner has failed to establish that a reasonable probability exists that the indictment would have been dismissed as duplicative had counsel moved to dismiss it. Accordingly, this claim is denied.

### E.    Claims Seven and Fourteen

Petitioner asserts that counsel rendered ineffective assistance by failing to object to perjured testimony and that his conviction resulted from perjured testimony that was known to the Government (claim seven). Petitioner maintains that the prosecution presented testimony from Rene Spaulding and Officer Kriegsman that it knew to be false and defense counsel knew as well and failed to object. Petitioner further argues that counsel rendered ineffective assistance by failing to request a mistrial based on prosecutorial misconduct (claim fourteen). In support of this claim, Petitioner asserts that the prosecutor advised Rene Spaulding how to testify regarding the property receipts and violated the rule of sequestration.

First, Petitioner asserts that Rene Spaulding, the evidence custodian for the Cocoa Police Department, perjured herself when she testified that there were three copies of the property receipts for the evidence. The record reflects that initially Spaulding was questioned about the property receipts and the absence of her signature on the copy of the receipts. Thereafter, Spaulding testified that there were three copies of each receipt and that two of the copies were retained by her and had her signature and one copy was kept by the officer and did not have her signature. Petitioner has failed to establish either that

Spaulding perjured herself regarding the number of copies of the property receipts or regarding her signature or that the Government suborned perjured testimony. Moreover, even assuming there were four copies instead of three, Petitioner has not demonstrated that the outcome of the proceeding would have been different had counsel questioned Spaulding as to the number of copies.

The Court further concludes that Petitioner's claim that the prosecution violated the rule of sequestration and advised Rene Spaulding how she should testify is baseless speculation. At trial, the chain of custody of the cocaine was contested based on the property receipts which did not contain Spaulding's signature. After she had testified, the prosecution discovered the duplicate property receipts, which contained Spaulding's signature. As such, the Government recalled Spaulding as a witness. (Criminal Case Doc. No. 85 at 20-36, 41-45.) There is no indication that the prosecutor's conduct was improper. Moreover, counsel objected to the chain of custody of the evidence repeatedly. As such, Petitioner has not demonstrated that counsel was deficient for failing to object to prosecutorial misconduct nor was he prejudiced by counsel's failure to do so.

Likewise, Petitioner has not established that Officer Kriegsman perjured himself. Officer Kriegsman testified that on February 25, and 26, 2005, Poole and Petitioner parked next to each other and Petitioner reached across his vehicle to Poole who reached out of his driver's side window to make hand contact with Petitioner. (Criminal Case Doc. No. 84 at 178, 182.) Likewise, Officer Shedrick testified that Petitioner reached his hand out of his passenger side window and handed something to Poole. (Criminal Case Doc. No. 85 at 4.) Both officers testified that the vehicles were facing east. Petitioner has not

demonstrated that Officer Kriegsman perjured himself. Therefore, Petitioner has not established that counsel was ineffective for failing to object to these witnesses' testimony or that the Government suborned perjured testimony.

Claims seven and fourteen, therefore, are denied.

### F. Claims Eight, Ten, and Eleven

Petitioner asserts that counsel rendered ineffective assistance by failing to investigate and introduce into evidence incident reports (claim eight). In support of this claim, Petitioner asserts that the dates on the incident reports do not coincide with the dates of the offenses or the search of his home. Petitioner also asserts that counsel rendered ineffective assistance by failing to investigate the offenses (claim ten). As a result, Petitioner contends that counsel was unaware of the location of the drug transactions, that it was dark at the time of the February 26, 2005, drug transaction, and that Officers Shedrick and Kriegsman were not together when the confidential informant called Petitioner. Petitioner next contends that counsel rendered ineffective assistance by failing to impeach witnesses (claim eleven). Specifically, Petitioner argues that counsel should have impeached (1) Officer Kriegsman's testimony regarding the location of Petitioner and Poole during the drug transactions, regarding the notary dates on the incident reports, and the lack of a description of Petitioner in the February 25, 2005, incident report; (2) Officer Shedrick's testimony regarding the drug transactions; and (3) Renee Spaulding's testimony regarding the property receipts.

With respect to Petitioner's claim that counsel rendered ineffective assistance by failing to investigate the incident reports, the Court finds that Petitioner has not demonstrated either deficient performance or that a reasonable probability exists that

Petitioner would not have been found guilty had counsel done so. It is not clear from viewing the reports that the date on the notary stamp on Officer Kriegsman's incident reports regarding the February 26, 2005, drug transaction and the March 17, 2005, search of Petitioner's residence is February 25, 2005. *See* Doc. No. 2 at 42-43. However, even assuming that the notary date on the reports is February 25, 2005, the reports were not notarized by Officer Kriegsman. Moreover, both Officers Kriegsman and Shedrick testified consistently at trial regarding the February 25, and 26, 2005, drug transactions and the March 17, 2005, search of Petitioner's residence, and their testimony was consistent with Officer Kriegsman's reports. Thus, assuming the date of the reports was incorrect, Petitioner has not established that he was prejudiced by counsel's failure to raise this issue.

The Court further finds that Petitioner has not demonstrated either deficient performance or prejudice based on counsel's alleged failure to investigate the circumstances of the offenses, including the location of the drug transactions, the time of the February 26, 2005, drug transaction, and the location of Officers Shedrick and Kriegsman when the confidential informant called Petitioner. First, as noted previously, with respect to the location of the vehicles and Petitioner and Poole during the drug transactions, Officers Kriegsman and Shedrick provided consistent testimony regarding how the transactions occurred. Moreover, it is purely speculation that Officer Kriegsman's testimony regarding what he saw during the February 26, 2005, drug transaction was impacted by the fact that it allegedly occurred at night. As to Officers Shedrick and Kriegsman's location at the time Poole called Petitioner, defense counsel questioned Officer Kriegsman about the inconsistency in his affidavit in support of the search warrant

wherein he stated that he saw Petitioner leave his residence within a minute of Poole calling Petitioner and his trial testimony that he was with Poole when he called Petitioner and then he drove to Petitioner's residence which would have taken more time. (Criminal Case Doc. No. 84 at 200-01.) As such, the Court concludes that Petitioner has not established that counsel was ineffective for failing to investigate these matters.

Finally, with respect to claim eleven, the Court finds that counsel was not ineffective for failing to impeach Officers Kriegsman and Shedrick and Rene Spaulding. As discussed above, counsel attempted to impeach Officer Kriegsman regarding his testimony concerning the offenses. Furthermore, nothing in the record contradicts Officer Shedrick's trial testimony. Counsel questioned Spaulding extensively concerning the property receipts and objected to the chain of custody. Accordingly, claims eight, ten, and eleven are denied.

### G.     Claims Nine, Twelve, and Sixteen

Petitioner asserts that the trial court erred by denying him conflict free counsel (claim nine), by impermissibly bolstering Officer Shedrick's testimony (claim twelve), and by abrogating his right to counsel (claim sixteen).

"[A] defendant generally must advance an available challenge to a criminal conviction or sentence on direct appeal or else the defendant is barred from presenting that claim in a § 2255 proceeding. This rule generally applies to all claims, including constitutional claims." *Lynn v. United States*, 365 F.3d 1225, 1234 (11th Cir. 2004) (citations omitted); *Mills v. United States*, 36 F.3d 1052, 1055 (11th Cir. 1994). However, a defendant can avoid the procedural bar by demonstrating the applicability of one of the two exceptions: (a) cause and prejudice for the failure to raise the claim on direct or (b)

"a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Mills*, 36 F.3d at 1055. Ineffective assistance of appellate counsel may establish cause and prejudice sufficient to overcome the procedural bar. *See*, *e.g., Kramer v. United States*, 139 Fed. Appx. 234, 235 n.3 (11th Cir. 2005). However, the petitioner must establish that appellate counsel was ineffective pursuant to *Strickland* to overcome the procedural bar. *Id*.

In the present case, Petitioner did not raise claims nine, twelve, and sixteen on direct appeal. Furthermore, he has not demonstrated cause or prejudice with regard to his failure to raise these claims on direct appeal. To the extent Petitioner asserts that he has demonstrated cause and prejudice for failing to raise these claims because of ineffective assistance of appellate counsel, his argument is without merit.

In claims nine and sixteen, Peittioner contends that his right to conflict free counsel was violated based on the trial court's denial of his request for a new attorney. The Eleventh Circuit has held that "[u]nless a Sixth Amendment violation is shown, whether to appoint a different lawyer for an indigent criminal defendant who expresses dissatisfaction with his court-appointed counsel is a matter committed to the sound discretion of the district court." *United States v. Oliver*, 316 Fed. Appx. 877, 880 (11th Cir. 2008) (quoting *United States v. Young*, 482 F.2d 993, 995 (5th Cir. 1973)). "An indigent criminal defendant has an absolute right to be represented by counsel, but he does not have a right to demand a different lawyer be appointed, except upon a showing of good cause." *Id*. (citing *Young*, 482 F.2d at 995). "Good cause requires a defendant to show a conflict of interest, a complete breakdown in communication, or an irreconcilable conflict." Id (citing *Young*, 482 F.2d at 995). Furthermore, the United States Supreme Court has held that

"'[w]here a constitutional right to counsel exists, . . . there is a correlative right to representation that is free from conflicts of interest.'" *United States v. Mounier*, 307 Fed. Appx. 379, 380 (11th Cir. 2009) (quoting *Wood v. Georgia*, 450 U.S. 261, 271 (1981)). "While 'a defendant who shows that a conflict of interest actually affected his representation need not demonstrate prejudice in order to obtain relief,' he is not entitled to relief unless he shows both: (1) an actual conflict; and (2) an adverse affect." *Id.* (quoting *United States v. Novaton*, 271 F.3d 968, 1010 (11th Cir. 2001)). "'An 'actual conflict' of interest occurs when a lawyer has 'inconsistent interests,'" however, "a speculative or merely hypothetical conflict of interest does not yield a Sixth Amendment violation." *Id.* (quoting *Novaton*, 271 F.3d at 1010-11).

In the instant case, prior to the beginning of trial, Petitioner requested a new attorney. As grounds for his request, Petitioner asserted that counsel (1) met with him on three to four occasions for brief periods of time, (2) refused to pursue certain theories of defense, and (3) insulted him. (Criminal Case Doc. No. 84 at 2-5.) Defense counsel disputed Petitioner's allegations, stating that he had met with Petitioner three or four times for several hours and that he was prepared to defend Petitioner. *Id.* at 5-7. Defense counsel further stated that he was aware of Petitioner's allegations of "fraud" and had considered such allegations, but he did not agree that such allegations were a viable defense. *Id.* at 5-6. The trial court subsequently determined that counsel had conferred with Petitioner during every stage of the proceedings, that there was no break down in communication, and that there was no irreconcilable conflict. *Id.* at 246-47. During the trial, defense counsel thoroughly cross-examined the witnesses and argued that the evidence did not support the offenses, and the jury was unable to reach a verdict as to one

count. As found by the trial court, Petitioner has not demonstrated that counsel's representation resulted in a conflict of interest. Accordingly, appellate counsel was not ineffective for failing to raise claims nine and sixteen on direct appeal, and Petitioner has not demonstrated either cause or prejudice for failing to raise these claims.

Likewise, contrary to Petitioner's contention, the trial court did not bolster the credibility of Officer Shedrick by telling him to return to the seat of honor when he testified. The trial court's statement was innocuous, and no reasonable person would have believed the statement to be a reflection on the witness's credibility. As such, appellate counsel was not ineffective for failing to raise this issue on appeal, and Petitioner has not demonstrated cause or prejudice to overcome his procedural default.

Likewise, Petitioner has not shown the applicability of the fundamental miscarriage of justice exception. A review of the record reveals that Petitioner is unable to satisfy either of the exceptions to the procedural default bar; therefore, his failure to raise claims nine, twelve, and sixteen on direct appeal constitutes a waiver and bars him from raising the claims in this proceeding.

Any of Petitioner's allegations not specifically addressed herein have been found to be without merit.

Accordingly, it is hereby **ORDERED AND ADJUDGED**:

1. The motion to vacate, set aside, or correct an illegal sentence pursuant to 28 U.S.C. § 2255 and supplement to the motion filed by Neally Cunningham (Doc. Nos. 1 and 5) are **DENIED**.

2. This case is **DISMISSED** with prejudice.

3. The Clerk of the Court shall enter judgment accordingly and is directed to

close this case.  A copy of this Order and the judgment shall also be filed in criminal case number .

      4.     The Clerk of the Court is directed to terminate the § 2255 motion (Doc. No. 104) filed in criminal case number Criminal Case Doc. No. 6:06-cr-32-Orl-19KRS.

      **DONE AND ORDERED** in Orlando, Florida, this 27th day of August 2009.

MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE

Copies to:
sc 8/27
Neally Cunningham
Counsel of Record